No. 25-1020
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
_____

JEFFERSON GRIFFIN,
*Plaintiff – Appellee*,

v.

NORTH CAROLINA STATE
BOARD OF ELECTIONS,
*Defendant – Appellant*.
_____

On Appeal from the United States District Court for the
Eastern District of North Carolina, No. 5:24-cv-00731-M-RJ
_____

## NON-PARTY JUSTICE ALLISON RIGGS' MOTION TO INTERVENE

Justice Allison Riggs won her 2024 general election contest against Plaintiff Jefferson Griffin. Now, two months after more than 5.5 million North Carolinians cast their votes and elected both Democrats and Republicans to statewide offices, Judge Griffin seeks to throw out over 60,000 votes—nearly one out of every hundred votes cast in North Carolina—in violation of federal law. Judge Griffin's efforts to throw out those ballots are the subject of two overlapping appeals: *Griffin v. N. Carolina State Bd. of Elections*, Nos. 25-1018(L), 25-1019, 25-1024 (4th Cir.) ("*Griffin I*"), and this one ("*Griffin II*").

The Eastern District of North Carolina permitted Justice Riggs to intervene as of right in *Griffin I* before remanding that case to the North Supreme Court. The district court then found that this case "is substantially identical" to *Griffin I*, and it "sua sponte remand[ed] this matter to the Superior Court for Wake County" for the reasons stated in *Griffin I*. Dist. Ct. Order, ECF No. 7 at 10.

Justice Riggs now moves to intervene here out of an abundance of caution to ensure that she protects her right to oppose any effort by Judge Griffin to overturn her election win.

Counsel for all parties have been informed of the intended filing of this motion. Plaintiff Judge Griffin takes no position on this motion. Defendant North Carolina State Board of Elections consents to the requested relief.

## BACKGROUND

Justice Riggs currently serves as an Associate Justice of the North Carolina Supreme Court. She was the Democratic candidate for the Associate Justice position in the November 5, 2024 general election. After the statewide votes were tallied, Justice Riggs prevailed over her opponent, Judge Griffin, by 734 votes.

Judge Griffin requested a statewide machine recount, and then a partial-hand-to-eye recount of the ballots cast. After the recounts were concluded, the results showed that Justice Riggs remained the victor, with vote totals of 2,770,412 for

Justice Riggs and 2,769,678 for Judge Griffin. Justice Riggs' margin of victory (734 votes) over Judge Griffin had not changed. *See* E.D.N.C. ECF No. 1-4 at 11.

Shortly after the election, Judge Griffin filed a series of election protests seeking to overturn the results. The bulk of these protests present the same "substantial question of federal law" that a panel of this Court found "is appropriately decided by the federal courts because it respects the federal-state balance envisioned by Congress and [the Help America Vote Act] itself." *Republican Nat'l Comm. v. N. Carolina State Bd. of Elections*, 120 F.4th 390, 408 (4th Cir. 2024).

On December 13, 2024, the State Board of Elections issued a Decision and Order dismissing the protests at issue here. The Board rejected those protests on several grounds, including because the U.S. Constitution and a host of federal civil rights laws prohibit the sort of mass disenfranchisement that Judge Griffin seeks.

On December 18, 2024, Judge Griffin initiated *Griffin I* by submitting a Petition for Writ of Prohibition directly with the N.C. Supreme Court. The next day, the State Board of Elections removed *Griffin I* to the Eastern District of North Carolina. A week later, the district court granted Justice Riggs' motion to intervene in that case as of right.

Meanwhile, on December 20, 2024, Judge Griffin filed *Griffin II* in Wake County Superior Court, seeking judicial review of the same three election protests

at issue in *Griffin I*. The State Board removed *Griffin II* as well. Judge Griffin did not move to remand in this action, no answer has been filed, and no substantive proceedings have taken place. Instead, on January 6, 2025, the district court ordered sua sponte that this action be remanded to the Wake County Superior Court. In doing so, the district court determined that "the factual and legal subject matter of this action is substantially identical" to *Griffin I*. Dist. Ct. Order. Accordingly, the district court determined that its ruling in *Griffin I* that "abstention and remand" was warranted under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959) "operates with equal force here." *Id.*

All defendants (including Justice Riggs and the other intervening defendants) filed notices of appeal in *Griffin I*, and the State Board of Elections (the only defendant) filed a notice of appeal in *Griffin II*. This Court docketed this appeal on January 7, 2025.

## LEGAL STANDARD

Local Rule 12(e) provides that a non-party may file "a motion for leave to intervene . . . with the Court of Appeals," but it "provid[es] no standard for granting" such a motion. *Ass'n for Educ. Fairness v. Montgomery Cty. Bd. of Educ.*, 88 F. 4th 495, 498 (4th Cir. 2023). Indeed, "[n]o statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed." *Cameron*

*v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276 (2022).  Because the Federal Rules of Appellate Procedure do not provide a precise standard governing a motion for intervention, federal appellate courts must consider "the policies underlying intervention in the district courts" under Rule 24 of the Federal Rules of Civil Procedure.  *Id.* at 277 (internal quotation marks and citation omitted); *Auto. Workers v. Scofield*, 382 U.S. 205, 217 n.10 (1965).

Rule 24 provides two types of intervention: "intervention as a matter of right under Rule 24(a); and permissive intervention under Rule 24(b)." *Florcon Corp. v. Devere Constr. Co., Inc.*, No. 5:06cv114, 2007 WL 2997499, at *1 (W.D.N.C. Oct. 12, 2007).  Subsection (a) of Rule 24 states a party has the "unconditional right to intervene" when she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(1)-(2).  Conversely, subsection (b) of Rule 24 provides District Courts the discretionary authority to permit a party to intervene when mandatory intervention is unavailable.  Fed. R. Civ. P. 24(b)(1).

## ARGUMENT

This Court should grant Justice Riggs' Motion to Intervene because she has an unconditional right to intervene in this action under the standards applicable to Rule 24(a).  Alternatively, assuming arguendo that Justice Riggs does not have a

mandatory right to intervention under Rule 24(a), this Court should nevertheless permit Justice Riggs to intervene in this action pursuant to Rule 24(b).

### I. Justice Riggs Has a Right to Intervention Under Rule 24(a)

Rule 24(a) provides a mandatory right to intervene when the following elements are satisfied: (1) the proposed intervenor's request for intervention is timely; (2) the proposed intervenor has "an interest in the litigation" that would "be impaired absent intervention"; and (3) the proposed intervenor's interests would not be protected "by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018); *N.C. Green Party v. N.C. State Bd. of Elections*, 619 F. Supp. 3d 547, 561 (E.D.N.C. 2022) (same); *Ortiz v. N.C. State Bd. of Elections*, No. 5:24-CV-00420-BO, 2024 WL 3764561, at *5 (E.D.N.C. Aug. 12, 2024) (same). Justice Riggs satisfies each of these elements.

### A. Justice Riggs' Motion to Intervene Is Timely

"Timeliness" under Rule 24 is not governed by a precise deadline but is instead "determined by the court in the exercise of its sound discretion" based on "all the circumstances" of the action. *NAACP v. New York*, 413 U.S. 345, 366 (1973). In consideration of this principle, a Court evaluating the timeliness of a motion to intervene must consider the following factors: "(1) how far the case has progressed, (2) the prejudice to other parties caused by any tardiness in filing the motion, and (3) the reason for any tardiness." *Scott*, 734 F. App'x at 191 (citing *Alt*

*v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014)). Given the early stage of this litigation, these factors confirm that Judge Riggs' request to intervene is timely.

Specifically, Justice Riggs is seeking to intervene nineteen days after the State Board removed this action on December 20, 2024, and just one day following the docketing of the State Board's appeal. No motion to remand was filed in the underlying action, no answer has been filed, and no substantive proceedings have taken place. As a result, allowing Justice Riggs to intervene at the very outset of both this appeal and the underlying litigation of this case will not cause any prejudicial delay to the other parties. There is no "tardiness" to Justice Riggs' Motion to Intervene. *See N.C. All. for Retired Americans v. Hirsch*, No. 1:23CV837, 2023 WL 9422596, at *2 (M.D.N.C. Dec. 15, 2023), *recommendation adopted*, 2024 WL 308513 (M.D.N.C. Jan. 26, 2024) (holding motion to intervene was timely because it "was filed approximately two weeks after the Complaint . . . and substantive proceedings ha[d] not yet occurred."); *N.C. Green Party*, 619 F. Supp. 3d at 561 ("As for the first element, the intervenors' motion was timely, filed just three days after plaintiffs filed their original complaint.").

### B. Justice Riggs Has a Sufficient Interest in the Subject of This Action Which Cannot Be Protected Absent Intervention

The "sufficient interest" element of the Rule 24(a) analysis is satisfied when the proposed intervenor has "a significantly protectable interest" in the underlying litigation. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). Such an interest

exists when the proposed intervenor "stand[s] to gain or lose by the direct legal operation of the district court's judgment on [the operative] complaint." *Id.*

      Here, Justice Riggs seeks intervention to protect her election win for Seat 6 of the North Carolina Supreme Court. Judge Griffin effectively seeks to overturn this election win by excluding certain ballots from the final election ballot count. *See, e.g.*, E.D.N.C. ECF No. 1-4 at 6–7; E.D.N.C. ECF No. 1-8 at 7–8; E.D.N.C. ECF No. 1-12 at 4, 7. Accordingly, the adjudication of this case absent intervention could directly impair Justice Riggs' ability to protect her interest in preserving the election results of the November 2024 election. *See Ortiz*, 2024 WL 3764561, at *6 (holding that, because the proposed intervenors "will be effectively shut out of the election" by an adverse ruling, their "interest would be practically impaired if [they] were denied the ability to intervene"). Justice Riggs therefore has sufficient interest in the subject matter of this litigation—and by extension the court that ultimately rules on this subject matter—to require intervention. *See N.C. Green Party*, 619 F. Supp. 3d at 562 (holding proposed intervenors the North Carolina Democratic Party and Democratic Senatorial Campaign Committee had "protectable interests" in action challenging the State Board's decision not to place Green Party candidates on election ballot to ensure "a competitive playing field" in a public election) (collecting cases); *Ortiz*, 2024 WL 3764561, at *6 (holding proposed intervenors the Presidential nominee and party chair of the Justice For All Party had a "significant

protectable interest" in action challenging the State Board's decision not to certify Justice For All as a new political party because "their survival as players in the 2024 general election, are at stake here").

### C. The State Board Does Not Represent Justice Riggs' Interests

A proposed intervenor sufficiently establishes an action's existing parties will not protect her interests by showing "that representation of h[er] interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). This lenient standard is satisfied upon a showing that the proposed intervenor and the existing parties have "distinct interests, which, although related, are not identical." *United Guar. Residential Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y*, 819 F.2d 473, 475 (4th Cir. 1987). The proposed intervenor's "burden of making that showing should be treated as minimal." *Trbovich*, 404 U.S. at 538 n.10.

Here, while Justice Riggs' interests and the State Board's interests regarding the November 2024 election may align "[a]t a high level of abstraction," they are not sufficiently "identical" for purposes of Rule 24(a) analysis. *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 196 (2022). The Supreme Court's decision in *Trbovich* is instructive. In *Trbovich*, the Secretary of Labor sued to set aside an election of officers of the United Mine Workers of America (UMWA). 404 U.S. at 529. The proposed intervenor, a member of UMWA who filed the initial complaint which led to the Secretary of Labor's suit, sought intervention "(1) to urge two

additional grounds for setting aside the election,[] (2) to seek certain specific safeguards with respect to any new election that may be ordered,[] and (3) to present evidence and argument in support of the Secretary's challenge to the election." *Id.* at 529–30. In determining that the proposed intervenor had a mandatory right to intervene under Rule 24(a), the Supreme Court acknowledged the proposed intervenor and the Secretary of Labor had "related" interests regarding the UMWA election. *Id.* at 538. Despite this, the Supreme Court ultimately determined the interests of the proposed intervenor and the Secretary of Labor were not "identical" for purposes of Rule 24(a) analysis because the Secretary of Labor also had a *general* interest in assuring all union elections are properly conducted. *Id.* at 539; *see also Berger*, 597 U.S. at 196 (articulating the Court's determination in *Trbovich* that the interests of the Secretary of Labor and the proposed intervenor were not "identical" because "the union member sought relief against his union, full stop; meanwhile, the Secretary also had to bear in mind broader public-policy implications."). Accordingly, the Supreme Court determined the proposed intervenor's interests were not adequately protected absent intervention because "the Secretary has an obligation to protect the vital public interest in assuring free and democratic union elections that transcends the narrower interest of the complaining union member." *Trbovich*, 404 U.S. at 539.

Like the Secretary of Labor in *Trbovich*, the State Board has a *general* interest in ensuring the adequacy and fairness of the November 2024 general election. *See* N.C.G.S. § 163-182.12 (articulating the State Board's authority "to assure that an election is determined without taint of fraud or corruption and without irregularities that may have changed the result of an election."); *Berger*, 597 U.S. at 198 (articulating that "the Board's overriding concern" is "for stability and certainty" in the laws governing state elections).

By contrast, Justice Riggs has an individual and *specific* interest in preserving her election to North Carolina Supreme Court Associate Justice Seat 6. These interests are not identical and would likely result in different approaches to this litigation and Appeal in the event of Justice Riggs' intervention. *See Trbovich,* 404 U.S. at 539 (holding intervention under Rule 24(a) was proper because the conflicting interests of the Secretary of Labor and the proposed intervenor "may not always dictate precisely the same approach to the conduct of the litigation."); *Ortiz*, 2024 WL 3764561, at *6 (holding that although "Plaintiffs and Intervenors seek the same long term and short-term goals . . . only the intervenors are in full control of the record relating to the Board's certification effort. This informational asymmetry prevents Plaintiffs from adequately representing intervenors.").

Accordingly, Justice Riggs has a right to intervention because the State Board's broader interests do not provide adequate protection for her narrower and

more specific interest of preserving her election win. *See Trbovich,* 404 U.S. at 539; *Berger*, 597 U.S. at 198–99 (holding speaker of State House of Representatives and president pro tempore of the State Senate were entitled to intervene in action against the State Board challenging the constitutionality of photo ID law because they would "bring a distinct state interest to bear on this litigation" and, unlike the State Board, would "focus on defending the law vigorously on the merits without an eye to crosscutting administrative concerns."); *N.C. Green Party*, 619 F. Supp. 3d at 562 (relying on *Trbovich* to hold North Carolina Democratic Party and Democratic Senatorial Campaign Committee had a right to intervention because they did "not share identical interests" with the State Board).

## II. Alternatively, Justice Riggs Should Be Permitted to Intervene in This Appeal Pursuant to Rule 24(b)

Rule 24(b) provides courts the discretion to permit intervention when the proposed intervenor files a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. 24(b)(3). While the authority to permit intervention under Rule 24(b) is discretionary, "[l]iberal intervention . . . is desirable to dispose of as much of a controversy involving as many apparently concerned person [sic] as is compatible

with efficiency and due process." *Ortiz*, 2024 WL 3764561, at *7 (quoting *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986)).

As explained above, Justice Riggs' Motion to Intervene is timely and her intervention would not unduly delay this action or prejudice the named parties. In addition, no party opposes her intervention.

## CONCLUSION

For the foregoing reasons, Justice Riggs requests that the Court grant her Motion to Intervene.

Dated: January 8, 2025               Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Raymond M. Bennett
Raymond M. Bennett
N.C. State Bar No. 36341
Samuel B. Hartzell
N.C. State Bar No. 49256
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
(919) 755-2100
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com

*Counsel for North Carolina Associate Justice Allison Riggs*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,845 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: January 8, 2025              /s/ Raymond M. Bennett
                                    Raymond M. Bennett

                                    *Counsel for North Carolina Associate Justice Allison Riggs*