No. 25-1020

========================================

In the United States Court of Appeals
for the Fourth Circuit

========================================

JEFFERSON GRIFFIN,

*Petitioner-Appellee*,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,

*Respondent-Appellant*,

and

ALLISON RIGGS,

*Intervenor-Respondent*.

========================================

On Appeal from the United States District Court
for the Eastern District of North Carolina

========================================

**RESPONDENT-APPELLANT'S BRIEF**

Terence Steed
Mary Carla Babb
Special Deputy Attorneys General

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6400

*Counsel for Respondent-Appellant*

The North Carolina State Board of Elections respectfully submits this brief in response to the Court's January 28, 2025 order.  Dkt. 19. The order followed oral argument in *Griffin v. North Carolina Board of Elections*, No. 25-1018(L) (*Griffin I*), in which the parties "agreed that the issues in those appeals and those in this appeal," No. 25-1020 (*Griffin II*), "are not substantially distinct."  Dkt. 19 at 1.  The order allowed the parties in this appeal to file a brief identifying "any distinction between the two sets of cases."  Dkt. 19 at 1.

The issues in this appeal are materially identical to the issues in *Griffin I*.  The Board therefore respectfully submits that, for the reasons explained below, it would be appropriate for this Court to consolidate the appeals in *Griffin I* and *Griffin II* and decide them together, or alternatively to resolve the appeal in *Griffin II* for the same reasons as those in *Griffin I*:

1.      From the moment Petitioner first filed elections protests in November 2024, the parties and every decision-making body have treated these matters collectively.

2.      The two appeals both arise from the same order that the Board issued on December 13th.

1

3.    Petitioner challenged that order in two different state courts: in the North Carolina Supreme Court, by filing a petition for a writ of prohibition; and in the Wake County Superior Court, by filing petitions for judicial review.  The challenges raised identical legal issues.

4.    The Board removed both challenges from state court to federal court on the same grounds.

5.    The district court later remanded both cases for the same reasons.  Specifically, when the district court remanded the petition for writ of prohibition at issue in *Griffin I*, the court *sua sponte* remanded this case as well, doing so before any party had filed any substantive briefs or motions in this case.  It took this action based on its "find[ing] that the factual and legal subject matter of th[e] action is substantially identical."  *Griffin v. N.C. State Bd. of Elections*, No. 24-cv-731, Dkt. 24 at 1 (E.D.N.C.).

6.    Petitioner has not raised any objections to the district court's collective treatment of the two cases.

7.    In the wake of the district court's remand orders, the North Carolina Supreme Court has similarly treated the matters as a single case.  In its January 22nd order, that court dismissed the petition

2

for a writ of prohibition at issue in *Griffin I*. *See Griffin v. N.C. State Bd. of Elections*, No. 320P24, 2025 WL 263400, at *1 (N.C. Jan. 22, 2025). In doing so, it also maintained a stay of the certification of the election to allow proceedings to move forward in the state trial court in *Griffin II*, where a hearing is currently scheduled to be held on February 7th. *See id.*; *Griffin v. N.C. State Bd. of Elections*, No. 24CV040619-910 (N.C. Super. Ct. Jan. 25, 2025) (scheduling order attached as Exhibit 1).

8.      The parties have also treated the cases identically in the proceedings before this Court. For example, the Board filed identical stay motions before this Court. No. 25-1018, Dkt. 10; No. 25-1020, Dkt. 7. Petitioner responded in kind, filing identical opposition briefs, save for a single cross-referencing footnote. No. 25-1018, Dkt. 17 (opposition to administrative stay); No. 25-1020, Dkt. 9 at 1 (opposition to administrative stay); *see also* No. 25-1018, Dkt. 48 (opposition to stay); No. 25-1020, Dkt. 18 at 1 (opposition to stay). And in Petitioner's brief to this Court in support of abstention in *Griffin I*, Petitioner describes his petitions for a writ of prohibition and judicial review as a single

3

effort, with the petition for a writ of prohibition merely a means to seek

"expeditious review."  No. 25-1018, Dkt. 87 at 22 n.2.

9.  At oral argument before this Court in *Griffin I*, Petitioner

further conceded that the cases are largely the same.  But he

nonetheless attempted to draw two minor procedural distinctions.

10.  First, Petitioner asserted that his appeal in *Griffin II* is

different from his appeal in *Griffin I* because *Griffin II* concerns a

petition seeking judicial review of the decision of a state agency.  He

further suggested that such cases are not "civil actions" within the

meaning of 28 U.S.C. §§ 1441 and 1443, and therefore may not be

removed.

11.  Petitioner is mistaken on this point.  As the district court

correctly explained in *Griffin I*, the term "civil action" has a "capacious"

meaning that broadly encompasses any "judicial proceeding in which a

party seeks a decree to redress a private right."  *Griffin v. N.C. State

Bd. of Elections*, No. 24-cv-724, Dkt. 50 at 10 (E.D.N.C.).  A petition that

seeks judicial review of a state agency decision fits comfortably within

that term.  Indeed, the Supreme Court has already rejected the

argument that state-court "proceeding[s] to review state administrative

4

action" cannot be removed. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 162 (1997). In doing so, moreover, the Court noted that it had already held long ago that a proceeding of this kind is "in its nature a civil action and subject to removal." *Id.* at 170 (quoting *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578-79 (1954)); 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3721.1 (4th ed. 2024) (explaining that "an appeal to a state court from an administrative agency . . . may take the form of a civil action in state court and be removable").

12.     Were there any doubt, North Carolina courts have also reached the same conclusion about these proceedings. The North Carolina Supreme Court has held that administrative proceedings before agencies "become a civil action" once a "party petitions for judicial review" in state trial court, as occurred here. *Winkler v. N.C. State Bd. of Plumbing*, 843 S.E.2d 207, 212 (N.C. 2020). Petitioner thus errs in suggesting that a petition for judicial review from a Board decision filed in state trial court does not qualify as a civil action that can be removed to federal court.

5

13.    Second, Petitioner also claimed that his arguments for
*Burford* abstention are stronger in *Griffin II* than they are in *Griffin I*.
Specifically, in *Griffin I*, Petitioner filed an original action in the state
supreme court, leapfrogging the review of Board decisions that
ordinarily begins in a single state-trial court. *See* N.C. Gen. Stat. § 163-
182.14(b).

14.    That Petitioner challenged the Board's decision in state trial
court in *Griffin II*, however, does not materially change the *Burford*
analysis.  To begin, the Board's argument that *Burford* abstention is
categorically inappropriate in cases properly removed under section
1443 applies equally to both *Griffin I* and *Griffin II*.  Even if *Burford*
could apply in this context, moreover, the arguments against *Burford*
abstention are materially identical across the cases.  Even putting aside
Petitioner's choice to file an original action in the state supreme court,
the procedures that govern the state trial court's judicial review of the
Board's orders do not come close to the type of factbound, nonlegal,
policy-laden administrative-review scheme that characterizes heartland
*Burford* cases.  Thus, for all the reasons set out in the Board's brief in
*Griffin I*, *Burford* abstention does not apply in *Griffin II* either.

## CONCLUSION

For these reasons, this Court should either formally consolidate this appeal with No. 25-1018(L) or alternatively resolve both appeals on the same grounds.

This the 30th day of January, 2025.

/s/ Terence Steed
Terence Steed
Mary Carla Babb
Special Deputy Attorneys General

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6400

*Counsel for State Board Respondent-Appellant*

7

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 1222 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (6) because it has been prepared in a proportionally spaced typeface: 14-point Century Schoolbook font.

This the 30th day of January, 2025.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record

This the 30th day of January, 2025.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General

**EXHIBIT 1**

FILED
DATE: January 25, 2025
TIME: 01/25/2025 9:59:11 PM
WAKE COUNTY
SUPERIOR COURT JUDGES OFFICE
BY: K. Myers

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24CV040619-910

JEFFERSON GRIFFIN,

      Petitioner,

  v.

NORTH CAROLINA STATE BOARD OF
ELECTIONS,

      Respondent,

**CASE MANAGEMENT ORDER
AND NOTICE OF HEARING**

IT IS HEREBY ORDERED that this Case Management Order, agreed-upon by the parties, shall govern this matter:

1. Respondent shall file the Administrative Record no later than 24 January 2025. If the administrative records in 24CV040619-910, 24CV040620-910, and 24CV040622-910 are identical, then these cases are consolidated for filing the record and only one Administrative Record is to be filed into the lead case, 24CV040619-910.

2. Petitioner shall file an opening brief no later than 29 January 2025.

3. Respondent shall file a response brief no later than 3 February 2025.

4. Any party seeking to intervene shall file a motion to intervene and brief no later than 3 February 2025.

5. A hearing on the petition for judicial review shall be held at 10:00 a.m. on Friday, February 7, 2025, in the Wake County Courthouse, 316 Fayetteville Street, Raleigh, NC.

ORDERED ON: _____1/25/2025_____.

1/25/2025 11:51:23 AM

_____
Senior Resident Superior Court Judge

Paul C. Ridgeway
Senior Resident Superior Court Judge