No. 25-1020

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JEFFERSON GRIFFIN,
*Plaintiff-Appellee,*

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,
*Defendant-Appellant,*

and

ALLISON RIGGS,
*Intervenor- Appellant.*

On Appeal from the United States District Court
for the Eastern District of North Carolina

## NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, VOTEVETS ACTION FUND, TANYA WEBSTER-DURHAM, SARAH SMITH, AND JUANITA ANDERSON'S UNOPPOSED MOTION TO INTERVENE

NARENDRA K. GHOSH
PATTERSON HARKAVY LLP
100 EUROPA DRIVE, STE 420
CHAPEL HILL, NC 27217
(919) 942-5200

LALITHA D. MADDURI
CHRISTOPHER D. DODGE
TINA MENG MORRISON
JULIE ZUCKERBROD
JAMES J. PINCHAK
ELIAS LAW GROUP LLP
250 MASSACHUSETTS AVE, N.W., STE 400
WASHINGTON, D.C. 20001
(202) 968-4490

The North Carolina Alliance for Retired Americans ("the Alliance"), VoteVets Action Fund ("VoteVets"), Tanya Webster-Durham, Sarah Smith, and Juanita Anderson ("Proposed Voter Intervenors") respectfully move to intervene as Intervenor-Appellants in this appeal. The existing parties—the State Board, Justice Riggs, and Judge Griffin—do not oppose this motion. In support of the motion, Proposed Voter Intervenors state as follows:

1. Proposed Voter Intervenors are already parties to a related appeal—Appeal No. 25-1018(L), -1019, and -1024 (*"Griffin I"*). They were granted intervention in that case by the district court on December 26, 2024, *see* Text Order, *Griffin v. N.C. State Bd. of Elections*, Case No. 24-cv-724 (E.D.N.C. Dec. 26, 2024), and filed a notice of appeal regarding the district court's remand order on January 7, 2025, *see id.*, ECF No. 54; *see generally* Appeal No. 25-1019 (Voter Intervenors' appeal in *Griffin I*).

2. Proposed Voter Intervenors also moved to intervene before the district court in this case ("*Griffin II*") on substantially identical grounds. *See Griffin v. N.C. State Board of Elections*, Case No. 24-cv-731, (E.D.N.C. Dec. 30, 2024), ECF Nos. 13, 14. The district court did not act

1

on that motion before sua sponte remanding *Griffin II* to Wake County Superior Court. *See id.*, ECF No. 24.

3. *Griffin I and Griffin II* present substantially identical claims for relief. As the district court noted, "the factual and legal subject matter of this action [*Griffin II*] is substantially identical" to *Griffin I*. *See* Order, *Griffin v. N.C. State Bd. of Elections*, Case No. 5:24-cv-00731-BO (E.D.N.C. Jan. 6, 2025), ECF No. 24. Both cases seek a court order compelling the State Board of North Carolina to retroactively disenfranchise more than 60,000 voters based on the same flawed legal theories.

4. Moreover, the district court's basis for remand in *Griffin II* is identical to the basis for remand in *Griffin I*. The district court ordered remand in *Griffin II* by simply incorporating its remand order from *Griffin I*, explaining that the two cases are "substantially identical" and concern the same "factual and legal subject matter." *Id.* The district court concluded that the reasoning of its remand order in *Griffin I* "operates with equal force" in *Griffin II*. *Id.* And as this Court has recognized, this appeal does "not [raise] substantially distinct" issues from *Griffin I*.

Order (Jan. 28, 2025), Doc. 19. Accordingly, substantially similar orders are on appeal in both *Griffin I* and *Griffin II*.

  5. In view of the significant overlap between *Griffin I* and *Griffin II*, the prospect that the two appeals may be coordinated, and the further likelihood that the two appeals may ultimately share a common disposition, Proposed Voter Intervenors respectfully contend that granting their intervention in *Griffin II* will aid the Court's ultimate resolution of these related appeals by ensuring commonality of the parties in each appeal. *See Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (explaining that "intervention is desirable to dispose of as much of a controversy involving apparently concerned persons" (citation omitted)); *cf. Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (adopting a "liberal policy in favor of intervention" to "serve[] both efficient resolution of issues and broadened access to the courts" (citation omitted)).

  6. Proposed Voter Intervenors satisfy the standard for intervention. In deciding intervention motions, federal appellate courts look to "the policies underlying intervention in the district courts" under

3

Rule 24 of the Federal Rules of Civil Procedure. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (internal quotation marks and citation omitted); *Auto. Workers v. Scofield*, 382 U.S. 205, 217 n.10 (1965). Here, Proposed Voter Intervenors are entitled to intervention as a matter of right under Fed. R. Civ. P. 24(a), or alternatively, permissive intervention under Rule 24(b).

7. Rule 24(a) permits a party, upon timely motion, to intervene as of right when they show "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991); *see also* Fed R. Civ. P. 24(a).

8. First, this motion is timely. Timeliness under Rule 24 is not governed by a precise deadline but is instead "determined by the court in the exercise of its sound discretion" based on "all the circumstances" of the action. *NAACP v. New York*, 413 U.S. 345, 366 (1973). This appeal was docketed on January 7, *see* Doc. 1, and just two days ago on January 28 this Court suspended its previously ordered briefing schedule and

4

invited briefing from "any party" to address distinctions between this appeal and No. 24-1018(L), *see* Doc. 19. Because this appeal is still in its early stage of litigation, Proposed Voter Intervenors' request is timely.

9. Second, Proposed Voter Intervenors have "a significantly protectable interest" in the underlying litigation, the disposition of which will decide whether their votes will be removed from the statewide tally or counted. *Teague*, 931 F.2d at 261 (quoting *Donaldson v. United States,* 400 U.S. 517, 531 (1971)). For Ms. Webster-Durham, Ms. Smith, and Ms. Anderson, the resolution of this case will determine whether their votes in the 2024 election for North Carolina Supreme Court Associate Justice are counted. The same is true for the Alliance and VoteVets which, as organizations, have significantly protectable interests in ensuring that their members and the communities they serve can participate in the franchise. The disposition of this case will determine whether dozens of members of the Alliance, as well as VoteVets' constituents—overseas military voters and their families—will have their votes counted. The right to vote and have that vote counted is unquestionably a "significantly protectable interest" that satisfies Rule 24(a). *Id.* And there

5

can be little dispute that resolution of this case will impair Proposed Voter Intervenors' ability to protect these significant interests if the votes of Ms. Smith, Ms. Anderson, and many of the Alliance's and VoteVets' members are not ultimately counted. *Cf. League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) ("Courts routinely deem restrictions on fundamental voting rights irreparable injury.") (collecting cases).

10. Third, Proposed Voter Intervenors—as the only parties directly representing impacted voters—bring a unique and valuable perspective not shared by the existing parties. *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195–96 (2022) (explaining how inadequate representation by existing parties "present[s] proposed intervenors with only a minimal challenge"). Whereas Proposed Voter Intervenors seek to preserve their own voting rights and to ensure their ballots are counted, the State Board is bound to serve a broader public interest and to administer the law impartially. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). Similarly, the mere fact that other Appellants also oppose Judge Griffin's requested relief does not mean

6

they share the same objective as Proposed Voter Intervenors. Though Justice Riggs has an understandable interest in her own candidacy, Proposed Voter Intervenors have a singular focus on defending their and their members' voting rights regardless of candidate preference and serving their specific missions.

11.  Proposed Voter Intervenors alternatively satisfy the requirements for permissive intervention. Rule 24(b) affords permissive intervention upon timely application when the "applicant's … defense and the main action have a question of law or fact in common." *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991) (quoting Fed. R. Civ. P. 24(b)). Proposed Intervenors' defenses in this case concern common questions of law to those presented by Judge Griffin's petition and election protests. Their timely motion to intervene will result in no conceivable prejudice to any existing party, nor will it cause delay, as Proposed Voter Intervenors agree to be bound by any case schedule set by the Court. Moreover, as shown by their participation in *Griffin I*, their participation here will aid the Court in prompt resolution of this appeal.

## CONCLUSION

For the foregoing reasons, Proposed Voter Intervenors request that the Court grant their unopposed motion to intervene.

January 30, 2025

Respectfully submitted,

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri
Christopher D. Dodge
Tina Meng Morrison
Julie Zuckerbrod
James J. Pinchak
ELIAS LAW GROUP LLP
250 Massachusetts Ave, N.W., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
cdodge@elias.law
tmengmorrison@elias.law
jzuckerbrod@elias.law
jpinchak@elias.law

Narendra K. Ghosh
N.C. Bar No. 37649
PATTERSON HARKAVY LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27217
Telephone: (919) 942-5200
nghosh@pathlaw.com

8

*Counsel for Proposed Intervenor-Appellants the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*

9

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,355 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook.

Dated: January 30, 2025            /s/ *Lalitha D. Madduri*
Lalitha D. Madduri

*Counsel for Proposed Intervenor-Appellants the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*

## CERTIFICATE OF SERVICE

On this 30th day of January, 2025, I electronically filed the foregoing using the Court's appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by that system.

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri

*Counsel for Proposed Intervenor-Appellants the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*