No. 25-1020

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JEFFERSON GRIFFIN,
*Plaintiff – Appellee,*

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,
*Defendant – Appellant,*

and

ALLISON JEAN RIGGS,
*Intervenor.*

On Appeal from the United States District Court for the Eastern District of North Carolina, No. 5:24-cv-00731-M-RJ

## JUSTICE RIGGS' BRIEF ON LACK OF DISTINCTIONS BETWEEN APPEAL NOS. 25-1018(L) AND 25-1020

Intervenor Allison Riggs submits this brief in response to the Court's Order dated January 28, 2025. ECF No. 19.

1. This appeal (No. 25-1020) is not substantially distinct from No. 25-1018(L). The Court should treat the two appeals as functionally the same.

1

2. Justice Riggs agrees with, and incorporates by reference, the reasoning presented by the North Carolina State Board of Elections in its response (ECF No. 25). This Brief elaborates on three of those points.

3. *First*, Judge Griffin's briefing to this Court treats the two appeals as interchangeable, at least for the purpose of a stay. On January 14, 2025, Judge Griffin filed an Opposition to Stay in both No. 25-1018(L) (at ECF No. 48) and No. 25-1020 (at ECF No. 18). The two Oppositions are identical, down to the docket references.* The first paragraph of Judge Griffin's merits argument is a representative example:

| USCA4 Appeal: 25-1018   Doc: 48   Filed: 01/14/2025   Pg: 11 of 24 | USCA4 Appeal: 25-1020   Doc: 18   Filed: 01/14/2025   Pg: 11 of 23 |
|---|---|
| **A. The Board is unlikely to succeed on the merits of its appeal.** The Board is unlikely to prevail on appeal because the district court did not abuse its discretion by abstaining in favor of the Supreme Court of North Carolina in a case centered on state-law disputes "of statewide significance." D.E. 1-5 at 44. Moreover, this Court can affirm on an alternative ground— the district court lacked removal jurisdiction under section 1443(2). | **A. The Board is unlikely to succeed on the merits of its appeal.** The Board is unlikely to prevail on appeal because the district court did not abuse its discretion by abstaining in favor of the Supreme Court of North Carolina in a case centered on state-law disputes "of statewide significance." D.E. 1-5 at 44. Moreover, this Court can affirm on an alternative ground— the district court lacked removal jurisdiction under section 1443(2). |

---

\* Attached for the Court's convenience is a comparison of the two briefs. This comparison reveals two immaterial changes. In the Opposition filed in No. 25-1020, Judge Griffin added a footnote explaining that "references to the Board's Motion refer to the Motion for a Stay Pending Appeal filed in Case Nos. 25-1018, 25-1019, and 10-2024." *See* Opp'n Stay at 1 n.1, ECF No. 18. And in No. 25-1018(L), Judge Griffin included two parentheticals that he omitted in No. 25-1020. *Compare id.* at 8 (citing *Whole Woman's Health v. Paxton*, 972 F.3d 649 (5th Cir. 2020) and *Hirschfeld v. Bd. of Elecs. in City of N.Y.*, 984 F.2d 35 (2d Cir. 1993) without parentheticals), *with* Opp'n Stay at 8 (citing those cases with parentheticals), ECF No. 48 (No. 25-1018(L)).

2

4. *Second*, Judge Griffin was wrong to suggest at oral argument in No. 25-1018(L) that his *Burford* argument is stronger here because he filed this action in Wake County Superior Court. Judge Griffin's forum selection is irrelevant for *Burford* purposes, since the North Carolina Supreme and Superior Courts are both "unspecialized state court[s]." *Educ. Servs., Inc. v. Maryland State Bd. for Higher Educ.*, 710 F.2d 170, 173 (4th Cir. 1983).

5. The Superior Court has "original general jurisdiction throughout the State," N.C. Const. art. IV, § 12(3), including of "justiciable matters of a civil nature," N.C. Gen. Stat. § 7A-240, and "for the trial of criminal actions," N.C. Gen. Stat. § 7A-270. The Superior Court in Wake County is the appropriate state-court venue "to obtain judicial review of any decision of the State Board," N.C. Gen. Stat. § 163-22(*l*), because the State Board has "its offices in the City of Raleigh," N.C. Gen. Stat. § 163-20(b), just as the Eastern District of North Carolina is the appropriate federal-court venue for an action arising in Raleigh.

6. In any event, Judge Griffin's decision to file his Supreme Court action in the wrong forum is not a relevant distinction between the two pending appeals. The district court remanded this case to the

3

Superior Court because "the factual and legal subject matter of this action is substantially identical to" the Supreme Court action. E.D.N.C. ECF No. 24.

7. *Third*, Judge Griffin was also wrong to suggest that this appeal presents distinct obstacles to concluding that the North Carolina proceeding was a "civil action" under 28 U.S.C. §§ 1441 and 1443. Judge Griffin seeks the same relief in both cases. And while federal law controls whether the substance of a proceeding is a "civil action" for removal purposes, this case is a civil action in form as well as substance. It began in Superior Court with a civil action cover sheet.

| Name And Address Of Plaintiff 1 | | | |
| --- | --- | --- | --- |
| Jefferson Griffin | | | **GENERAL** |
| PO Box 99780 | | | **CIVIL ACTION COVER SHEET** |
| Raleigh | NC | 27624 | ☒ INITIAL FILING   ☐ SUBSEQUENT FILING |
| Name And Address Of Plaintiff 2 | | | |
| | | | Rule 5(b) of the General Rules of Practice for the Superior and District Courts |

*E.g.*, E.D.N.C. ECF No. 1-6 at 2. And the Superior Court issued summonses warning the State Board that a civil action had been filed.

**A Civil Action Has Been Commenced Against You!**
You are notified to appear and answer the complaint of the plaintiff as follows:
1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*E.g.*, E.D.N.C. ECF No. 1-7 at 2.

\*   \*   \*

The Court should enter a stay and reverse in this appeal for the same reasons that it should grant that relief in No. 25-1018(L).

Dated: January 30, 2025       Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Raymond M. Bennett
N.C. State Bar No. 36341
Samuel B. Hartzell
N.C. State Bar No. 49256
555 Fayetteville Street
Suite 1100
Raleigh, NC 27601
(919) 755-2100
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com

*Counsel for Justice Allison Riggs*

5